## IN THE COURT OF COMMON PLEAS
## FRANKLIN COUNTY, OHIO

Kokosing Construction Co., Inc.  
Highway Division  
886 McKinley Avenue  
Columbus, OH 43222,

   Plaintiff,

v.

RLI Insurance Company  
c/o Jonathan E. Michael  
Chairman of the Board and CEO  
9025 N. Lindbergh Drive  
Peoria, IL 61615-1431,

   Defendant.

Case No. 07 CVH 03 03089

Judge

### COMPLAINT

Now comes the Plaintiff, Kokosing Construction Co., Inc. ("Kokosing"), and for its complaint against Defendant, RLI Insurance Company ("RLI"), states as follows:

1. Kokosing is a corporation duly organized and existing under the laws of the State of Ohio, having its principal place of business in Knox County, Ohio, but having its highway division located in Franklin County, Ohio.

2. RLI is a corporation organized and existing under the laws of the State of Illinois, being engaged in the business of issuing surety bonds, and conducting such business in the State of Ohio.

3. In or about 2003, Kokosing entered into a contract with the Ohio Department of Transportation ("ODOT") for ODOT Project 100(03) (the "ODOT Contract").

4. The scope of the work of the ODOT Contract included certain painting and sealing of bridge structures.



EXHIBIT A

5. On or about March 4, 2003, Kokosing entered into a subcontract with American Native Construction and Supply Company ("American Native") for the painting and sealing scope of work on the ODOT Contract.

6. RLI issued a surety bond in the amount of Six Hundred Twelve Thousand One Hundred Five Dollars ($612,105), which bond named American Native as its principal and Kokosing as its obligee. A true and accurate copy of the bond issued by RLI is attached hereto as Exhibit A. This bond guaranteed the full and complete performance of the work covered by the subcontract between Kokosing and American Native.

7. In 2006, American Native went out of business having failed to complete the work covered by its subcontract with Kokosing.

8. The failure to complete the work covered by the subcontract is a breach of the subcontract agreement and on or about March 16, 2006, Kokosing advised American Native that American Native was in default and that the subcontract was being terminated.

9. Subsequent to the default and termination of American Native by Kokosing, Kokosing notified RLI of the default and called upon RLI to honor its obligations under the bond. A true and accurate copy of the demand letter issued by Kokosing to RLI is attached hereto as Exhibit B.

10. RLI has, in response to Kokosing's demand, failed to either complete the work or make payment upon the bond.

11. Kokosing has entered into a contract with a third party subcontractor to complete the scope of work set forth in the ODOT Contract and the subcontract with American Native. The cost of this replacement subcontract exceeds the value of the American Native subcontract (an amount greatly in excess of the value of the bond issued by RLI).

## FIRST CAUSE OF ACTION
## (Breach of Contract)

12. Kokosing hereby incorporates by reference each of the allegations set forth in Paragraphs 1-11 above, as if the same were fully restated herein.

13. Kokosing has fulfilled each and every of its obligations under the subcontract and the bond.

14. RLI's failure and refusal to honor its obligations under the bond is a breach of the surety contract.

15. Kokosing hereby asserts its claim against RLI in the amount of Six Hundred Twelve Thousand One Hundred Five Dollars ($612,105), together with interest, costs and attorneys' fees.

WHEREFORE, Kokosing Construction Co., Inc. prays for judgment against RLI Insurance Company in the amount of Six Hundred Twelve Thousand One Hundred Five Dollars ($612,105), together with interest, costs and attorneys' fees.

Respectfully submitted,

Michael W. Currie   (0013100)
THOMPSON HINE LLP
10 West Broad St., Suite 700
Columbus, Ohio 43215-3422
614.469.3200
614.469.3361 (facsimile)
mike.currie@thompsonhine.com

Attorney for Plaintiff,
Kokosing Construction Co., Inc.

534836



RLI Surety
A Division of RLI Insurance Company
P.O. Box 3967
Peoria, IL 61612-3967
Phone: 309-692-1000   800-645-2402
Fax:    309-692-8637

# Subcontract Performance Bond
# Form A

Bond No. CRS1000191

KNOW ALL MEN BY THESE PRESENTS:

That, __American Native Construction & Supply Company, Inc.__
(Here insert the name or legal title of the Subcontractor)

at __5826 State Road #3__ __Parma, OH 44134__ as Principal,
(Here insert the address of the Subcontractor)

hereinafter called Principal, and RLI Insurance Company, P.O. Box 3967, Peoria, IL 61612-3967, as Surety, hereinafter called Surety,
(Name, corporate title and home office city of Surety)

are held and firmly bound unto __KOKOSING CONSTRUCTION COMPANY, INC.__
(Here insert the name or legal title of the General Contractor)

__886 MCKINLEY AVENUE__ __COLUMBUS, OHIO 43222-1187__ as Obligee, hereinafter
(Here insert the address of the General Contractor)

called Obligee, in the amount of __Six Hundred Twelve Thousand One Hundred Five__

Dollars ( $612,105.00 ), for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators,

successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Principal has by written agreement dated __February 27, 2003__

entered into a subcontract with Obligee for

__BRIDGE PAINTING, CONCRETE SIDING__

in accordance with drawings and specifications prepared by _____
(Full Name of Architect)

which subcontract is by reference made a part hereof, and is hereafter referred to as the subcontract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if the Principal shall promptly and faithfully perform said subcontract, then this obligation shall become null and void; otherwise it shall remain in full force and effect.

Whenever Principal shall be, and be declared by Obligee to be in default under the subcontract, Obligee having performed Obligee's obligations thereunder:

(1) Surety may promptly remedy the default subject to the provisions of paragraph 3 herein, or;
(2) Obligee after reasonable notice to Surety may, or Surety upon demand of Obligee may arrange for the performance of Principal's obligation under the subcontract subject to the provisions of paragraph 3 herein;
(3) The balance of the subcontract price, as defined below, shall be credited against the reasonable cost of completing performance of the subcontract. If completed by the Obligee, and the reasonable cost exceeds the balance of the subcontract price, the Surety shall pay to the Obligee such excess, but in no event shall the aggregate liability of the Surety exceed the amount of this bond. If the Surety arranges completion or remedies the default, that portion of the balance of the subcontract price as may be required to complete the subcontract or remedy the default and to reimburse the Surety for its outlays shall be paid to the Surety at the times and in the manner as said sums would have been payable to the Principal had there been no default under the subcontract. The term "balance of the subcontract price," as used in this paragraph, shall mean the total amount payable by the Obligee to the Principal under the subcontract and any amendments thereto, less the amounts heretofore properly paid by Obligee under the subcontract.

Any suit under this bond must be instituted before the expiration of two years from date on which final payment under the subcontract falls due.

No right of action shall accrue on this bond to or for the use of any person or corporation other than the Obligee named herein or the heirs, executors, administrators or successors of the Obligee.

Signed and sealed this __20th__ day of __March__ A.D., __2003__

IN THE PRESENCE OF:

American Native Construction & Supply Company, Inc.
Principal

by _____ (Seal)

RLI Insurance Company _____ (Seal)
Surety

by _____
KATHY VAN TASSEL           Attorney-in-Fact

Subcontract Performance Bond Form A.
Recommended for use where the General Contractor
filed Performance Bond approved by the American
Institute of Architects, AIA Form No. 107.

EXHIBIT
A



GENERAL CONTRACTORS

**CONSTRUCTION COMPANY INC.**
P.O. Box 226 • Fredericktown, Ohio 43019-9159
Phone 740-694-6315 • Fax 740-694-1481

March 8, 2006

RLI Insurance Company
P.O. Box 3967
Peoria, IL 61612-3967
Attn: Kathy Van Tassel, Esq.

Re:    Project:    ODOT 100(03), MOT 75-31842
       Claimant:   Kokosing Construction Co., Inc.
       Principal:   American Native Construction and Supply Company
       Bond No:  CRS1000191

Dear Ms. Van Tassel:

Kokosing Construction Co., Inc. ("Kokosing") declared your principal, American Native Construction and Supply Company ("American Native"), to be in default of its Subcontract by letter dated February 23, 2006, a copy of which was previously provided to RLI. Pursuant to the terms of the Subcontract, American Native had three days to cure this default. No response from American Native was received within this timeframe and the Subcontract has, accordingly, been terminated.

Kokosing hereby notifies RLI of the termination of American Native and makes its demand upon RLI, as surety, to remedy the default and arrange for performance of its principal's obligation under the Subcontract. Specifically, we request that RLI immediately:

- Respond to ODOT's August 17, 2005 request
- Provide a detailed schedule to Kokosing on how this work will be completed by July 28, 2006
- If you will be using a firm other than American Native, they will be need to be submitted to ODOT for approval and we, accordingly, request that they be identified as soon as possible
- Advise us who your contact will be for the coordination of this work
- Schedule a pre-start safety meeting with our project manager, Denny Myers (937.415.1468), at which time you will be expected to furnish your engineer approved fall protection plan

In the event that RLI does not confirm its intent to undertake the performance of its principal's obligation under the Subcontract on or before March 24, 2006, we will have no alternative but to enter into a contract with another firm for the completion of this work. This timeframe is critical due to the start of the painting season and the established completion date for this work.

**EXHIBIT B**

    AN EQUAL OPPORTUNITY EMPLOYER  

**KOKOSING CONSTRUCTION COMPANY INC.**

RLI Insurance Company
March 8, 2006
Page 2

Kokosing will look to RLI for the payment of all increased costs of performance, damages or other lawsuits associated with the performance of the work and any resulting delays in completion of the project. Kokosing will also look to RLI for all other costs, losses or damages to which it is entitled under the terms of the Subcontract.

Sincerely,

KOKOSING CONSTRUCTION CO., INC.

Daniel J. Compston
Sr. Vice-President, Heavy Highway-Asphalt Division

cc: David M. Gareau
    Michael W. Currie, Esq.
    Lynn Hazinakis, American Native Painting
    Brian Burgett
    Denny Myers
    John Martens