IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Kokosing Construction Company, Inc., | : | |
| | : | |
| Plaintiff, | : | Case No. 2:07-cv-00265-JDH-NMK |
| | : | |
| vs. | : | Judge Holschuh |
| | : | Magistrate Judge McCann King |
| RLI Insurance Company, | : | |
| | : | |
| Defendant. | : | |

**PLAINTIFF KOKOSING CONSTRUCTION COMPANY, INC'S
FIRST AMENDED COMPLAINT AGAINST RLI INSURANCE COMPANY**

Now comes the Plaintiff, Kokosing Construction Co., Inc. ("Kokosing"), and for its first amended complaint against Defendant, RLI Insurance Company ("RLI"), states as follows:

1. Kokosing is a corporation duly organized and existing under the laws of the State of Ohio, having its principal place of business in Knox County, Ohio, but having its highway division located in Franklin County, Ohio.

2. RLI is a corporation organized and existing under the laws of the State of Illinois, being engaged in the business of issuing surety bonds, and conducting such business in the State of Ohio.

3. This action was removed to the United States District Court for the Southern District of Ohio from the Franklin County Court of Common Pleas by Defendant RLI on the basis of diversity jurisdiction.

4. In or about 2003, Kokosing entered into a contract with the Ohio Department of Transportation ("ODOT") for ODOT Project 100(03) (the "ODOT Contract").

5. The scope of the work of the ODOT Contract included certain painting and sealing of bridge structures.

6. On or about March 4, 2003, Kokosing entered into a subcontract with American Native Construction and Supply Company ("American Native") for the painting and sealing scope of work on the ODOT Contract.

7. RLI issued a surety bond in the amount of Six Hundred Twelve Thousand One Hundred Five Dollars ($612,105), which bond named American Native as its principal and Kokosing as its obligee. A true and accurate copy of the bond issued by RLI was attached to Kokosing's Complaint as Exhibit A. This bond guaranteed the full and complete performance of the work covered by the subcontract between Kokosing and American Native.

8. In 2006, American Native went out of business having failed to complete the work covered by its subcontract with Kokosing.

9. The failure to complete the work covered by the subcontract is a breach of the subcontract agreement and on or about March 16, 2006, Kokosing advised American Native that American Native was in default and that the subcontract was being terminated.

10. Subsequent to the default and termination of American Native by Kokosing, Kokosing notified RLI of the default and called upon RLI to honor its obligations under the bond. A true and accurate copy of the demand letter issued by Kokosing to RLI was attached to the original complaint as Exhibit B.

11. RLI has, in response to Kokosing's demand, refused to either complete the work or make payment upon the bond.

12. As a result of RLI's refusal, Kokosing has been forced to complete the scope of work under the American Native subcontract. Kokosing has entered into a contract with a third party subcontractor to complete the scope of work set forth in the ODOT Contract and the subcontract with American Native.

13. The completion cost of this replacement subcontract exceeds the value of the American Native subcontract (an amount greatly in excess of the value of the bond issued by RLI).

## FIRST CAUSE OF ACTION
### (Breach of Contract)

14. Kokosing hereby incorporates by reference each of the allegations set forth in Paragraphs 1-13 above, as if the same were fully restated herein.

15. Kokosing has fulfilled each and every of its obligations under the subcontract and the bond.

16. RLI's failure and refusal to honor its obligations under the bond is a breach of the surety contract.

17. Kokosing hereby asserts its claim against RLI in the amount of Six Hundred Twelve Thousand One Hundred Five Dollars ($612,105), together with interest, costs and attorneys' fees.

## SECOND CAUSE OF ACTION
### (Bad Faith By Surety)

18. The preceding paragraphs of the First Amended Complaint are hereby incorporated by reference as if fully restated herein.

19. RLI's refusal to honor its bond obligations is not predicated upon circumstances that furnish a reasonable justification for its refusal to pay.

20. RLI's refusal to honor its bond obligations lacks a reasonable basis.

21. RLI's refusal to honor its bond obligations was with knowledge or reckless disregard for the fact that such refusal is unreasonable.

22. RLI's refusal to honor its bond obligations is undertaken in bad faith.

23. As a direct and proximate result of RLI's bad faith, Kokosing has been forced to incur attorneys' fees, expenses, and internal management costs, which it claims as compensatory damages for RLI's bad faith refusal.

WHEREFORE, Kokosing Construction Co., Inc. prays for judgment against RLI Insurance Company as follows:

A. On Count One, for judgment in the amount of Six Hundred Twelve Thousand One Hundred Five Dollars ($612,105), together with pre- and post-judgment interest, costs and attorneys' fees.

B. On Count Two, for judgment in the amount of Kokosing's actual and reasonable attorneys' fees and other expenses associated with this action, pre- and post-judgment interest, and punitive damages an the amount to be determined at trial.

C. Such other relief as the Court determines to be just and reasonable.

          Respectfully submitted,

          s/ Daniel F. Edwards
          Daniel F. Edwards (0060017) Trial Attorney
          Michael W. Currie (0013100)
          John B. Kopf III (0075060)
          THOMPSON HINE LLP
          10 West Broad Street, Suite 700
          Columbus, Ohio 43215-3435
          (614) 469-3200
          (614) 469-3361 (fax)
          dan.edwards@thompsonhine.com
          mike.currie@thompsonhine.com
          john.kopf@thompsonhine.com
          Attorneys for Kokosing Construction
          Company, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 29, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

- Jonathan Mark Bryan
  jmbryan@mcnamaralaw.us

- Michael W. Currie
  mike.currie@thompsonhine.com; rhonda.vanarsdale@thompsonhine.com

- William Hunt Woods
  whwoods@mcnamaralaw.us

- Daniel F. Edwards
  dan.edwards@thompsonhine.com; chris.stephenson@thompsonhine.com

and I hereby certify that according to the CM/ECF system there are no parties or recipients who are required to be served with the document by mail.

                                                Respectfully submitted,

                                                s/ Daniel F. Edwards
Daniel F. Edwards (0060017) Trial Attorney
Michael W. Currie (0013100)
John B. Kopf III (0075060)
THOMPSON HINE LLP
10 West Broad Street, Suite 700
Columbus, Ohio 43215-3435
(614) 469-3200
(614) 469-3361 (fax)
dan.edwards@thompsonhine.com
mike.currie@thompsonhine.com
john.kopf@thompsonhine.com
Attorneys for Kokosing Construction
Company, Inc.