```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

**KOKOSING CONSTRUCTION CO., INC.,**

        Plaintiff,

  vs.                          Civil Action 2:07-CV-265
                                Judge Holschuh
                                Magistrate Judge King

**RLI INSURANCE COMPANY,**

        Defendant.

## OPINION AND ORDER

Plaintiff seeks recovery under a performance bond issued in connection with plaintiff's sub-contract with American Native Construction and Supply Company, which allegedly failed to perform bridge painting and sealing work for ODOT.  Defendant denies liability and asserts counterclaims alleging that plaintiff failed to provide primer meeting the ODOT contract specifications and improperly unilaterally terminated the contract.  This matter is before the Court on *Plaintiff Kokosing Construction Company, Inc.'s Motion for Leave to File First Amended Complaint, Instanter*, Doc. No. 12 ("*Plaintiff's Motion*").  For the reasons set forth below, *Plaintiff's Motion* is **GRANTED**.

I.    BACKGROUND

The original *Complaint* asserts a breach of contract claim against defendant.  *See Complaint*, ¶¶ 12-15.  Following the deposition of one of plaintiff's witnesses, plaintiff moved for leave to amend the *Complaint* to add a bad faith cause of action.  *Plaintiff's Motion*, p. 1.  Plaintiff explains that "the legal theories upon which RLI sought to elicit evidence are not predicated upon circumstances that furnish a reasonable justification for its refusal to pay[,]" giving rise to a bad faith claim against defendant.  *Id*.

Defendant opposes *Plaintiff's Motion* on several grounds. *See Memorandum of Defendant RLI Insurance Company Opposing Plaintiff's Motion for Leave to File First Amended Complaint Instanter*, Doc. No. 14 ("*Memo. in Opp.*"). First, defendant contends that *Plaintiff's Motion* should be denied as futile because the proposed amendment alleges an unsupportable legal theory. *Id*. at 2-4, 10-14. *See also Sur-Reply of Defendant RLI Insurance Company in Opposition to Plaintiff's Motion for Leave to File Amended Complaint*, Doc. No. 21 ("*Surreply*"). More specifically, defendant argues that, as a general rule in Ohio, plaintiff cannot assert a bad faith claim against a performance bond surety in a breach of contract action. *Memo. in Opp*. at 10; *Surreply*, pp. 2-5. Defendant further contends that an exception to this Ohio rule does not apply to plaintiff's proposed new claim. *Memo. in Opp*. at 12-14; *Surreply*, pp. 2-5. Second, defendant argues that plaintiff fails to state a claim under the plain language of Subcontract Performance Bond, which requires full performance as a condition precedent to recovery. *Memo. in Opp*. at 7-10 (citing *Subcontract Performance Bond* ("*Performance Bond*"), attached as Exhibit A to *Complaint*). Finally, defendant contends that plaintiff's proposed bad faith claim is an improper response to defendant's counterclaim for declaratory judgment. *Id*. at 15-18.

Plaintiff replies that its proposed amendment is not futile because Ohio recognizes bad faith claims against sureties and no Ohio court has rejected a bad faith claim against a performance bond surety. *Plaintiff Kokosing Construction Company, Inc.'s Reply to the Memorandum of Defendant RLI Insurance Company Opposing Plaintiff's*

*Motion for Leave to File First Amended Complaint, Instanter*, Doc. No. 18 ("*Reply*"), pp. 2-5.  *See also Plaintiff Kokosing Construction Company, Inc.'s Response to the Sur-Reply of Defendant RLI Insurance Company Filed August 21, 2007 (DE 21)*, Doc. No. 23 ("*Response to Surreply*"), pp. 1-5.  Plaintiff further disputes defendant's reading of the *Performance Bond*, arguing that the plain language does not require full subcontract work performance as a condition precedent to recovery.  *Reply*, at 6-10.  Finally, plaintiff contends that its bad faith claim is not an "improper response" to defendant's counterclaim.  *Reply*, pp. 10-11.  Specifically, plaintiff argues that defendant cites no authority for its position that a bad faith claim cannot be asserted after a counterclaim is filed and that the timing of its amended claim is irrelevant.  *Id*. at 10.

**II.  STANDARD**

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2) (2007).  The grant or denial of a request to amend a complaint is left to the broad discretion of the trial court.  *Gen'l Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990).  In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "A proposed amendment is futile if the amendment could not withstand a Rule

12(b)(6) motion to dismiss."[1]  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Department of Treasury, Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)).  *See also Hoover v. Langston Equipment Assoc., Inc.*, 958 F.2d 742, 745 (6th Cir. 1992) ("A court is within its discretion to refuse amendment and dismiss the complaint if it 'concludes that the pleading as amended could not withstand a motion to dismiss.'") (quoting *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir. 1986)).

**III. DISCUSSION**

After review of the filings and relevant legal authority, this Court concludes, interpreting Fed. R. Civ. P. 15(a)(2) liberally, that justice requires granting leave to file an amended complaint to add a bad faith claim.  First, the parties, both citing to Ohio authority, dispute whether or not plaintiff's proposed bad faith claim is cognizable under Ohio law.  Plaintiff contends that Ohio recognizes bad faith claims against sureties of financial responsibility bonds. *Reply*, pp. 3-5 (citing *Suver v. Personal Serv., Inc.*, 11 Ohio St.3d 6

---

[1] A motion to dismiss under Rule 12(b)(6) attacks the legal sufficiency of the complaint.  *Roth Steel Prod. v. Sharon Steel Co.*, 705 F.2d 134, 155 (6th Cir. 1983); *Carter v. Welles-Bowen Realty, Inc.*, 493 F. Supp. 2d 921, 923 (S.D. Ohio 2007).  In determining whether dismissal on this basis is appropriate, the complaint must be construed in the light most favorable to the plaintiff, and all well-pleaded facts must be accepted as true.  *See Bower v. Federal Express Corp.,* 96 F.3d 200, 203 (6th Cir. 1996);  *Misch v. The Cmty. Mutual Ins. Co.,* 896 F. Supp. 734, 738 (S.D. Ohio 1994).  Recently, the Supreme Court of the United States explained that, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007).  However, a plaintiff's ground for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id*. at 1964-65.  "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id*. at 1965.  Accordingly, a complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 1974.

4

(Ohio 1984)); *Response to Surreply*, pp. 2-3 (same).  Plaintiff argues that there is no Ohio precedent barring a bad faith claim against a performance bond surety and that there is no reason to distinguish between sureties of performance bonds and sureties of financial responsibility bonds.  *Id*.  Conversely, defendant contends that plaintiff's proposed amendment is futile because there is no Ohio authority recognizing a bad faith claim against a construction bond surety.  *Memo. in Opp.*, 2-4, 10-14.  Defendant argues that because punitive damages and attorney fees are generally unavailable in a breach of contract action, plaintiff attempts to base its bad faith claim on an exception to the general rule.  *Id*. at 12-13 (citing *Zoppo v. Homestead Ins. Co.*, 71 Ohio St.3d 552 (1984); *Surreply*, pp. 2-5 (same).  Defendant contends that the *Zoppo* exception does not apply in this case because *Zoppo* was based on the unique relationship between insurer and insured, which relationship is missing from the parties to a three-party surety bond.  *Id*.

Plaintiff's bad faith claim, supported by Ohio authority, appears plausible on its face; therefore, the Court cannot say at this stage of the proceedings that plaintiff is unable to prove any set of facts entitling it to relief against defendant on this claim.  *See* Fed. R. Civ. P. 12(b)(6); *Rose*, 203 F.3d at 420.  Accordingly, where the proposed amendment is plausible on its face and there are substantial arguments to be made on whether or not plaintiff will ultimately prevail on the new claim, the Court concludes that it is better to permit the amendment.  *See Yeager v. Union County Comm'r*, No. 2:05-cv-0950, 2006 U.S. Dist. LEXIS 16882, at *8 (S.D. Ohio April 6, 2006) ("[W]hen the plaintiff's claim is arguably sufficient, it is usually a

5

sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss or judgment on the pleadings."). Defendant's arguments are therefore more appropriate at the summary judgment stage after a full briefing on the merits before the district judge, rather than in the context of a motion for leave to amend. *See*, *e.g.*, *Permasteelisa CS Corp. v. The Airolite Co., LLC*, No. 2:06-cv-569, 2007 U.S. Dist. LEXIS 41974, at *11 (S.D. Ohio June 8, 2007) (concluding that it is "more appropriate to have the District Judge decide whether or not the claim has merit on the basis of either a motion to dismiss or a motion for summary judgment, rather than have that merits-related decision be made in the context of ruling on the motion for leave to amend."). *See also AFG Indus., Inc. v. Holston Elec. Cooperative*, 556 F. Supp. 33, 35-36 (E.D. Tenn. 1982) (concluding that defendant's arguments "in opposition to the request for leave to amend the complaint, can be considered best in the context of motions to dismiss or for summary judgment after both parties have had an ample opportunity to brief the legal issues implicated").

    Defendant also opposes plaintiff's request for leave to amend because defendant contends that it owes no payment under the plain language of the *Performance Bond*, which requires full performance. *Memo. in Opp.*, pp. 7-10.  The Court again concludes that this argument regarding the "plain language" of the *Performance Bond*, which also may impact the viability of the original breach of contract claim, is best resolved before the district court judge at the dispositive motion stage.  *See supra*.

6

Finally, the Court rejects defendant's argument that plaintiff's proposed bad faith claim is an "improper response" to defendant's counterclaim. *Memo. in Opp.*, pp. 15-18. Plaintiff correctly argues that its failure to strike defendant's defenses does not strip plaintiff of its right to assert a bad faith claim. *Reply*, p. 11. Plaintiff represents to this Court that it now moves to add the bad faith claim because discovery and investigation revealed circumstances supporting such a claim. *Id*. at 10-11. Other than citing to plaintiff's failure to strike defenses that plaintiff considers meritless and the timing of *Plaintiff's Motion*, defendant offers no other evidence to support its argument that plaintiff acted improperly when it moved to amend the *Complaint*. Accordingly, defendant's argument is unpersuasive and insufficient to oppose plaintiff's request for leave to amend the *Complaint*.

**WHEREUPON**, in light of the foregoing, *Plaintiff Kokosing Construction Company, Inc.'s Motion for Leave to File First Amended Complaint, Instanter*, Doc. No. 12, is **GRANTED**. The Clerk is **DIRECTED** to file the Amended Complaint attached as Exhibit A to *Plaintiff Kokosing Construction Company, Inc.'s Motion for Leave to File First Amended Complaint, Instanter*, Doc. No. 12.

February 12, 2008          *s/Norah McCann King*
         Norah M$^c$Cann King
         United States Magistrate Judge